UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
NOV 1 0 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **SUPPRESSED** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S2-4:21CR00186 AGF (NAB) |
| ) | |
| DARIUS M. MCCULLUM, ) | |
| ERIC C. WILLIAMS, a/k/a "Emo," ) | |
| STEVEN L. BELL, ) | |
| ASHLEY D. GIBSON, a/k/a "AshCash," ) | |
| MONTASH L. JACKSON, a/k/a "Funnel," ) | |
| DESON B. JONES, a/k/a "Jett," ) | |
| KAMAURI S. KENNEDY, ) | |
| LETHEM THOMPSON-BEY, ) | |
| SANTANA L. BALL, ) | |
| DEMARKO C. CODY, ) | |
| MICHAEL H. MASON, ) | |
| MIRANDA N. JONES, ) | |
| JASMINE C. TAYLOR, a/k/a "Jaz," ) | |
| JOHN E. MALLOTT, ) | |
| CORNELIUS SPEARMAN, a/k/a "Bucky," ) | |
| IRMA JARA, ) | |
| TIMOTHY D. HILL, ) | |
| ADAM M. FLECK, ) | |
| HALEY B. MASON, and ) | |
| SAVANNAH A. SIMS, ) | |
| ) | |
| Defendants. ) | |

## SECOND SUPERSEDING INDICTMENT

### COUNT I

The Grand Jury charges that:

Beginning at a time unknown to the Grand Jury, but including February 2021, within the

Eastern District of Missouri, and elsewhere, the defendants,

**DARRIUS M. MCCULLUM,
ERIC C. WILLIAMS, a/k/a "Emo,"
STEVEN L. BELL,**

1

ASHLEY D. GIBSON, a/k/a "AshCash,"
MONTASH L. JACKSON, a/k/a "Funnel,"
DESON B. JONES, a/k/a "Jett,"
KAMAURI S. KENNEDY,
LETHEM THOMSPON-BEY,
SANTANA L. BALL,
DEMARKO C. CODY,
MICHAEL H. MASON
MIRANDA N. JONES,
JASMINE C. TAYLOR, a/k/a "Jaz,"
JOHN E. MALLOTT,
CORNELIUS SPEARMAN, a/k/a "Bucky,"
IRMA JARA,
TIMOTHY D. HILL,
ADAM M. FLECK,
HALEY B. MASON, and
SAVANNAH A. SIMS,

knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: to distribute and possess with the intent to distribute controlled substances; in violation of Title 21, United States Code, Section 841(a)(1); and

## Manner and Means of the Conspiracy

The defendants accomplished and attempted to accomplish the objects of the conspiracy in the following manner and through the following means:

1. It is part of the drug trafficking conspiracy that members of the conspiracy agreed to distribute and did, in fact, distribute actual methamphetamine, a Schedule II controlled substance.

2. It is part of the drug trafficking conspiracy that members of the conspiracy agreed to distribute and did, in fact, distribute cocaine, a Schedule II controlled substance.

3. It is part of the drug trafficking conspiracy that members of the conspiracy agreed to distribute and did, in fact, distribute fentanyl, a Schedule II controlled substance.

4. It is part of the drug trafficking conspiracy that members of the conspiracy agreed to distribute heroin, a Schedule I controlled substance.

5. It is part of the drug trafficking conspiracy that members of the conspiracy agreed to acquire promethazine hydrochloride, a substance used to manufacture "lean/wock" a mixture containing codeine, a Schedule V controlled substance.

6. It is part of the drug trafficking conspiracy that the distribution of narcotics generated significant proceeds.

7. It is part of the drug trafficking conspiracy that **DARIUS M. MCCULLUM** obtained narcotics in California and arranged for the narcotics to be transported to Detroit, Michigan, and elsewhere for further distribution. **DARIUS M. MCCULLUM** was the primary source of supply for the drug trafficking organization.

8. It is part of the drug trafficking conspiracy that **DARIUS M. MCCULLUM** mailed parcels containing drugs to various locations in Detroit, Michigan, and that **ERIC C. WILLIAMS, a/k/a "Emo,"** mailed parcels containing cash that constituted the proceeds from drug sales back to **DARIUS M. MCCULLUM** in California.

9. It is part of the drug trafficking conspiracy that **ERIC C. WILLIAMS, a/k/a "Emo,"** obtained narcotics on behalf of the drug trafficking organization and managed the distribution of the narcotics to members of the drug trafficking organization. **ERIC C. WILLIAMS, a/k/a "Emo,"** maintained "stash houses" in Detroit, Michigan, Lexington, Kentucky, and elsewhere at which narcotics and the proceeds from narcotics sales were stored.

10. It is part of the drug trafficking conspiracy that **ERIC C. WILLIAMS, a/k/a "Emo,"** managed couriers who transported narcotics and money for the drug trafficking organization.

11. It is part of the drug trafficking conspiracy that **STEVEN L. BELL** maintained a "stash house" in St. Louis, Missouri at which he stored actual methamphetamine, cash, firearms, and ammunition.

12. It is part of the drug trafficking conspiracy that **ASHLEY D. GIBSON** maintained "stash houses," including a "stash house" in Lexington, Kentucky, at which she stored actual methamphetamine and cash.

13. It is part of the drug trafficking conspiracy that **MONTASH L. JACKSON, a/k/a "Funnel,"** acted as a courier and facilitator for the conspiracy.

14. It is part of the drug trafficking conspiracy that **DESON B. JONES, a/k/a "Jett,"** acted as a distributor for the conspiracy.

15. It is part of the drug trafficking conspiracy that **KAMAURI S. KENNEDY** acted as a courier and distributor for the conspiracy.

16. It is part of the drug trafficking conspiracy that **LETHEM THOMPSON-BEY** acted as a source of supply and distributor for the conspiracy.

17. It is part of the drug trafficking conspiracy that **SANTANA L. BALL** acted as a source of supply and distributor for the conspiracy.

18. It is part of the drug trafficking conspiracy that **MIRANDA N. JONES** acted as a courier for the conspiracy.

19. It is part of the drug trafficking conspiracy that **JASMINE C. TAYLOR, a/k/a "Jaz,"** acted as a courier for the conspiracy.

20. It Is part of the drug trafficking conspiracy that **JOHN E. MALLOTT** acted as a distributor for the conspiracy.

4

21. It is part of the drug trafficking conspiracy that **IRMA JARA** acted as a distributor for the conspiracy.

22. It is part of the drug trafficking conspiracy that on or about February 6, 2021, **SANTANA L. BALL** distributed methamphetamine to **STEVEN L. BELL**.

23. It is part of the drug trafficking conspiracy that on or about February 18, 2021, **IRMA JARA** possessed with the intent to distribute methamphetamine.

24. It is part of the drug trafficking conspiracy that on or about February 19, 2021, **DEMARKO C. CODY** possessed with the intent to distribute narcotics.

25. It is part of the drug trafficking conspiracy that on or about February 19, 2021, **TIMOTHY D. HILL** and **ADAM M. FLECK** possessed and aided and abetted the possession with the intent to distribute cocaine.

26. It is part of the drug trafficking conspiracy that on or about March 13, 2021, **ERIC C. WILLIAMS, a/k/a "Emo,"** and **ASHLEY D. GIBSON**, stored methamphetamine and cash at a "stash house" in Lexington, Kentucky.

27. It is part of the drug trafficking conspiracy that on or about March 13, 2021, **LETHEM THOMPSON-BEY** possessed and aided and abetted the possession with the intent to distribute methamphetamine.

28. It is part of the drug trafficking conspiracy that on or about March 13, 2021, **LETHEM THOMPSON-BEY** possessed a firearm in furtherance of a drug trafficking crime.

29. It is part of the drug trafficking conspiracy that on or about March 26, 2021, **JOHN E. MALLOTT** distributed methamphetamine.

30. It is part of the drug trafficking conspiracy that on or about April 22, 2021, **HALEY B. MASON** attempted to transport the proceeds from the distribution of controlled substances

from Lexington, Kentucky to Los Angeles, California at the behest and under the direction of **ERIC C. WILLIAMS, a/k/a "Emo"** and **ASHLEY D. GIBSON**.

31. It is part of the drug trafficking conspiracy that on or about April 27, 2021, **JOHN E. MALLOTT** distributed methamphetamine.

32. It is part of the drug trafficking conspiracy that on or about May 17, 2021, **MICHAEL H. MASON** and **JOHN E. MALLOTT** distributed and aided and abetted the distribution of methamphetamine.

33. It is part of the drug trafficking conspiracy that on or about May 24, 2021, **MIRANDA N. JONES**, at the direction of **ERIC C. WILLIAMS, a/k/a "Emo,"** transported methamphetamine, heroin, and methylenedioxymethamphetamine from Michigan to Kentucky.

34. It is part of the drug trafficking conspiracy that on or about May 26, 2021, **MICHAEL H. MASON** possessed with the intent to distribute methamphetamine.

35. It is part of the drug trafficking conspiracy that on or about July 14, 2021, **SAVANNAH A. SIMS**, attempted to transport the proceeds from the distribution of controlled substances from Detroit, Michigan to Houston, Texas at the behest and under the direction of **ERIC C. WILLIAMS, a/k/a "Emo."**

36. It is part of the drug trafficking conspiracy that on July 14, 2021, **JASMINE C. TAYLOR** transported 660 bottles of promethazine hydrochloride from Texas with the intent to deliver the bottles to **ERIC C. WILLIAMS, a/k/a "Emo,"** in Detroit, Michigan.

37. It is part of the drug trafficking conspiracy that on or about August 25, 2021, **DARIUS M. MCCULLUM** possessed firearms in furtherance of the drug trafficking crime.

38. It is part of the drug trafficking conspiracy that members of the conspiracy utilized facilities of interstate commerce, to wit: cellular telephones to facilitate the distribution and

6

possession with the intent to distribute methamphetamine, fentanyl, heroin, cocaine base and cocaine.

39. It is part of the drug trafficking conspiracy that members of the conspiracy employed multiple couriers, both known and unknown to the Grand Jury, to transport the proceeds from the retail distribution of narcotics.

40. It is part of the drug trafficking conspiracy that members of the conspiracy maintained one or more premises within the Eastern District of Missouri and elsewhere for the purposes of storing narcotics and narcotics proceeds.

All in violation of Title 21, United States Code, Section 846.

## PENALTY PROVISIONS

With respect to defendants **DARRIUS M. MCCULLUM, ERIC C. WILLIAMS, a/k/a "Emo," STEVEN L. BELL, ASHLEY D. GIBSON, a/k/a "AshCash," MONTASH L. JACKSON, a/k/a "Funnel," DESON B. JONES, a/k/a "Jett," LETHEM THOMPSON-BEY, SANTANA L. BALL, DEMARKO C. CODY, MICHAEL H. MASON, MIRANDA N. JONES, JASMINE C. TAYLOR, a/k/a "Jaz," JOHN E. MALLOTT, CORNELIUS SPEARMAN, a/k/a "Bucky," IRMA JARA,** and **HALEY B. MASON,** the amount of controlled substances involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of others reasonably foreseeable to them, is 50 grams or more of methamphetamine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(viii).

With respect to defendants **DARIUS M. MCCULLUM, ERIC C. WILLIAMS, a/k/a "Emo,"** and **KAMAURI C. KENNEDY,** the amount of fentanyl involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of others reasonably

7

foreseeable to them is 40 grams or more of fentanyl, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(vi).

The amount of cocaine, cocaine base, heroin, and methylenedioxymethamphetamine involved in the offense makes the offense punishable under Title 21, United States Code, Section 841(b)(1)(C).

The amount of codeine involved in the offense makes the offense punishable under Title 21, United States Code, Section 841(b)(3).

## COUNT 2

The Grand Jury charges that:

On or about February 23, 2021, in the City of St. Louis, within the Eastern District of Missouri, the defendant,

**STEVEN BELL,**

knowingly forcibly assaulted, resisted, apposed, impeded, intimidated, and interfered with J.P., a Drug Enforcement Administration Special Agent, while J.P. was engaged in the performance of official duties; and used a dangerous weapon during the commission of the offense.

All in violation of Title 18, United States Code, Sections 111(a)(1) and 111(b).

## COUNT 3

The Grand Jury further charges that:

On or about February 23, 2021, in the City of St. Louis, within the Eastern District of Missouri, the defendant,

**STEVEN BELL,**

knowingly and intentionally possessed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT 4

The Grand Jury further charges that:

On or about February 23, 2021, in the City of St. Louis, within the Eastern District of Missouri, the defendant,

**STEVEN BELL,**

knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with the intent to distribute a controlled substance; in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 5

The Grand Jury further charges that:

On or about February 23, 2021, in the City of St. Louis, within the Eastern District of Missouri, the defendant,

**STEVEN BELL,**

knowingly having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed one or more firearms, said firearms having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

## COUNT 6

The Grand Jury further charges that:

From on or about March 11, 2021 to on or about March 13, 2021, in the Eastern District of Missouri, and elsewhere, the defendant,

**LETHEM THOMPSON-BEY,**

9

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire, combine, confederate, and agree to use and carry firearms during and in relation to a drug conspiracy as charged in Count 1, and to possess firearms in furtherance of that drug conspiracy, in violation of Title 18, United States Code, Section 924(c)(1)(A).

All in violation of Title 18, United States Code, Section 924(o) and Title 18, United States Code, Section 2.

## COUNT 7

The Grand Jury further charges that:

On or about May 15, 2019, in the City of St. Louis, within the Eastern District of Missouri, the defendant,

**CORNELIUS SPEARMAN, a/k/a "Bucky,"**

distributed of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Sections 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) or 846, as set forth in Counts 1, 3, and 7, the defendants shall forfeit to the United States of America any property, constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations.

2. Subject to forfeiture is a sum of money equal to the total value of any property, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violations set forth in Counts 1, 3, and 7.

3. Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 922(g)(1) or 924(c) as set forth in Counts 4, 5, and 6, the defendants shall forfeit to the United States of America any firearm or ammunition involved in or used or intended to be used in said violations.

4. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. Approximately $33,928.00 U.S. Currency;

   b. Approximately $11,206.00 U.S. Currency;

   c. Approximately $25,000.00 U.S. Currency;

   d. Approximately $34,950.00 U.S. Currency;

   e. Approximately $6,300.00 U.S. Currency;

   f. Approximately $2,030.00 U.S. Currency;

    g. Approximately $68,062.00 U.S. Currency;

    h. Miscellaneous Jewelry, including but not limited to the following:

        i. Stainless steel & 18k yellow gold Santos de Cartier watch; Ser No: 796104YX;

        ii. 10k rose and white gold "RIP Jeff" pendant; (460) round brilliant cut diamonds, 1.5mm-2.0mm;

        iii. 10 kt rose gold 24" diamond tennis necklace w/ 131 Brilliant Cut diamonds;

        iv. 10 kt rose gold 20" Cuban link diamond necklace w/ 794 Brilliant cut diamonds;

        v. 10 kt rose gold custom made diamond initial pendant w/ 1,114 Brilliant cut diamonds;

        vi. Gent's Stainless steel Audermars Piguet Royal Oak diamond Bracelet watch, Ser No: K17925; and

        vii. Black leather Pimperelli jewelry case.

    i. Miscellaneous firearms, including the following:

        i. AR 15.COM rifle;

        ii. Polymer80, Inc. pistol;

        iii. Glock 24 pistol, SN: RXE969;

        iv. Beretta BU9 Nano 9mm pistol, SN: NU133711

        v. Fortis Manufacturing AR rifle, SN: 0000897; and

        vi. Diamondback Firearms DB15 AR pistol, SN: DB1908972.

    j. Assorted magazines and ammunition.

5.    If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

12

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON


SAYLER A. FLEMING
United States Attorney

_____
JEANNETTE S. GRAVISS, #44483MO
Assistant United States Attorney

13